977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. VOTH, Plaintiff-Appellant,
v.
OREGONIAN NEWSPAPER OF OREGON, Defendant-Appellee.
 No. 91-35909.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 5, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Voth, an Oregon state prisoner, appeals pro se and in forma pauperis from the judgment of the district court dismissing his section 1983 cause of action as frivolous under 28 U.S.C. § 1915(d). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 In his initial complaint, Voth alleged that The Oregonian, a newspaper published by the Oregonian Publishing Company (Oregonian), had violated his federal constitutional rights under 42 U.S.C. § 1983 by publishing two libelous statements about him. Voth subsequently sought to file an amended complaint, adding allegations that the newspaper violated his rights under 42 U.S.C. §§ 1981, 1985(3), and 1986. On July 14, 1991, the district judge adopted the findings and recommendation of the magistrate and dismissed Voth's section 1983 action.
 
 
 4
 We review a dismissal pursuant to section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1730 (1992). A complaint is frivolous within the meaning of section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this circuit, dismissal of a pro se complaint without leave to amend is only proper if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989); Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.), cert. denied, 488 U.S. 995 (1988).
 
 
 5
 Section 1981 safeguards the rights of all persons, regardless of race, "to make and enforce contracts." 42 U.S.C. § 1981. Although the statute reaches purely private conduct, see Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989); Overby v. Chevron USA, Inc., 884 F.2d 470, 472 (9th Cir.1989), neither Voth's original nor amended complaint contain any allegations pertaining to contract formation or enforcement. Consequently, he has not stated a claim on which relief may be granted.
 
 
 6
 To state a claim under section 1983, Voth must (1) allege the violation of a right secured by the Constitution or laws of the United States, and (2) show that the alleged deprivation was carried out under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Voth cannot meet either prong. First, reputation alone is not a liberty or property interest protected by the due process clause of the Fourteenth Amendment, and therefore Voth's defamation claim may not be brought under section 1983. See Paul v. Davis, 424 U.S. 693, 711-12 (1976). Second, the newspaper does not act under color of state law. The Oregonian is a private corporation. It does not have any connection with any state government nor is it cloaked with the authority of the state. See Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 134-36 (9th Cir.1971). Voth has thus failed to state a claim under section 1983.
 
 
 7
 Section 1985(3) applies where one or more persons conspire to deny any person equal protection of the laws. See 42 U.S.C. § 1985(3). To state a cause of action, the claim must include an allegation of racial or class-based animus. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In his proposed amended complaint, Voth alleges that the newspaper did not use reasonable care in investigating the statements because of Voth's race. However, Voth does not provide any factual basis for his charge that Oregonian discriminated against him or conspired to discriminate against him. "A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988). Consequently, Voth does not present a valid claim under section 1985(3).
 
 
 8
 Finally, section 1986 imposes liability on any person who knows that a section 1985 violation is about to be committed but neglects or refuses to prevent it. See 42 U.S.C. § 1986. A violation of section 1986 requires that there first be a valid claim under section 1985. See id. Because we hold that Voth did not state a claim under section 1985(3), his section 1986 claim must fail as well.
 
 
 9
 We therefore hold that Voth's claims lack an arguable legal or factual basis and that his complaint would not be cured by amendment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3