106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dora KNOPFEL, Plaintiff-Appellant,
v.
SCOTT WETZEL SERVICE; Albertson's Inc., Defendants-Appellees.
 No. 95-35695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dora Knopfel appeals the district court's summary judgment in favor of Albertson's Inc., Knopfel's former employer, and Scott Wetzel Services, Inc. ("SWS"), which administers Albertson's workers compensation claims, in Knopfel's 42 U.S.C. § 1983 claim. Knopfel alleged that defendants violated her right to due process during their handling of her claim for workers' compensation which arose out of injuries she allegedly suffered while employed at Albertson's. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Knopfel contends the district court erred by concluding that defendants are private parties which could not be characterized as state actors for purposes of § 1983 liability. This contention lacks merit.
 
 
 4
 To establish a § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private party may act under color of state law if it willfully participates in joint action with state actors to violate the plaintiff's constitutional rights. Dennis v. Sparks, 449 U.S. 24, 27 (1980); Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989).
 
 
 5
 Here, Knopfel failed to set forth any facts which tended to show that either Albertsons or SWS, both private corporations, conspired with state actors to deprive Knopfel of her constitutional rights. See Taylor, 880 F.2d at 1048. Because neither Albertsons nor SWS was acting under color of state law, they are not amenable to suit under section 1983. See Karim-Panahi, 839 F.2d at 624; see also Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.) (per curiam) (invoking state legal procedures is not sufficient to satisfy the state action requirement of section 1983). Accordingly, the district court properly granted summary judgment on Knopfel's section 1983 claim. See Taylor, 880 F.2d at 1048.
 
 
 6
 We have considered Knopfel's other contentions and find them to be wholly without merit.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Knopfel's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' motion for sanctions is hereby denied. We reject appellees' suggestion that this court should allow appellees to cite unpublished memorandum dispositions as precedent, as a "sanction" for appellants' having done so. Furthermore, we strongly remind both parties that "the terms of Circuit Rule 36-3 must be strictly followed." Thomas v. Newton Int. Enter., 42 F.3d 1266, 1272 (9th Cir.1994)