110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bob GLASER, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO; WJSIII Inc., dba Bill Silva Presents;
Staffpro Services, Inc.; DOES 1-100, inclusive,
Defendants-Appellees.
 No. 96-55640.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bob Glaser appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. Glaser alleged that various constitutional rights were violated when women came into the men's bathroom he was using at a stadium owned by the City of San Diego ("City") during a concert organized by the private defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Sabow v. United States, 93 F.3d 1445, 1450 (9th Cir.1996), and we affirm.
 
 
 3
 Glaser contends the district court erred by concluding that defendants are private parties which could not be characterized as state actors for purposes of § 1983 liability. This contention lacks merit.
 
 
 4
 To establish a § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private party may act under color of state law if it willfully participates in joint action with state actors to violate the plaintiff's constitutional rights. Dennis v. Sparks, 449 U.S. 24, 27 (1980); Taylor v. List, 880 F.2d 1040, 1048 (9th cir.1989).
 
 
 5
 Here, Glaser alleged that the private defendants were acting under color of state law because they had a contractual relationship with the City in order to lease the stadium, and because there are municipal ordinances which regulate the number of restrooms provided at these events. Neither the existence of municipal regulations nor the contractual relationship Glaser describes is sufficient to support a finding that the private defendants participated in joint action with the City to deprive Glaser of his constitutional rights. See, e.g., Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.1988) (per curiam) (invoking state legal procedures is not sufficient to satisfy the state action requirement of section 1983). Because Glaser failed to allege that the private defendants conspired with the City to deprive Glaser of his constitutional rights, see Taylor, 880 F.2d at 1048, those defendants are not amenable to suit under section 1983, see Karim-Panahi, 839 F.2d at 624. Accordingly, the district court properly dismissed Glaser's section 1983 claim against the private defendants. See Taylor, 880 F.2d at 1048.
 
 
 6
 Next, Glaser contends that the district court erred by concluding that he failed to state a claim upon which relief could be granted against the City of San Diego. This contention lacks merit.
 
 
 7
 Glaser acknowledges that the state generally does not have an affirmative duty to protect its citizens against harm from private actors. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 195-96 (1989). Nonetheless, Glaser argues that the City falls into the exceptions carved out from DeShaney where courts have found that the state has a duty when there is a special relationship, or where the state has created a danger to the citizen. See, e.g., Wood v. Ostrander, 879 F.2d 583, 589-90 (9th Cir.1989) (holding that a state trooper who left arrestee by the side of the road created a danger that resulted in injury to the arrestee). Glaser set forth no facts which would establish that this narrow exception is applicable here, where Glaser was a paying patron and was free to leave the event at any time. Because Glaser failed to allege facts sufficient to state a claim against the City under section 1983, the district court properly dismissed his claim. See Karim-Panahi, 839 F.2d at 626.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Glaser's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3