133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward J. DAVIS, Plaintiff-Appellant,
v.
BROCK AND BROCK LTD.; Joan B. Faulkner; San Bruno Police
Department; Palla, Chief; Hedley, Chief;
Orsoline, Officer, Defendants-Appellees.
 No. 97-15319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward J. Davis appeals pro se the Fed.R.Civ.P. 12(b)(6) dismissal with prejudice and without leave to amend of his 42 U.S.C. § 1983 action regarding loans he made to Joan Faulkner, a private acquaintance. Davis contends that the district court erred by concluding that he failed to state a claim against Faulkner and her business, Brock and Brock Ltd., because he did not allege that Faulkner acted under color of state law, and failed to state a claim against the San Bruno Police Department, the police chief, the former police chief, and Officer Orsolini because he did not allege that they deprived him of any constitutional rights. We affirm the district court's judgment.
 
 
 3
 We review de novo the dismissal of an action pursuant to Fed.R.Civ.P. 12(b)(6). See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 66 U.S.L.W. 3204 (U.S. Dec. 1, 1997) (No. 97-503). The district court may not dismiss a pro se civil rights complaint without leave to amend unless the complaint's deficiencies cannot be cured. See Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.1988) (per curiam). To state a claim under 42 U.S.C.' § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a constitutional right. See Johnson, 113 F.3d at 1117.
 
 
 4
 In his complaint, Davis alleged the following facts. Faulkner failed to repay loans, withheld money from the sale of a ring, sold him a broken watch, and took money for a coat that she did not deliver to him. Faulkner complained to Officer Orsolini that Davis was harassing her. Davis told Orsolini that Faulkner owed him money, and Orsolini arranged to give Davis a check from Faulkner for the undelivered coat. When Davis picked up the check, Orsolini warned him not to contact Faulkner. According to the complaint: "Said officer was somewhat basing his strong and personal warning on a restraining order that Ms. Faulkner (Brock) [obtained] from California Superior Court. This was final devise and scheme she use to prevent Plaintiff from getting his six (6) thousand dollars." The complaint sought relief for deprivation of "civil rights, i.e. property, privilege, and civil conspiracy."
 
 
 5
 Davis contends that Faulkner was a state actor because she conspired with Officer Orsolini to deprive Davis of his constitutional rights. This contention lacks merit because Davis did not allege any agreement between Orsolini and Faulkner. See Johnson, 113 F.3d at 1119 (agreement between government and private party can create state action); Schucker, 846 F.2d at 1205 (private party's use of state legal procedures does not constitute conspiracy with state officials).
 
 
 6
 Davis also contends that the district court erred by dismissing his claims against Officer Orsolini and the other law enforcement defendants because Orsolini refused to help him file charges against Faulkner and prevented him from recovering the money he was owed. Although Davis did not refer to any constitutional provisions in his complaint, he contends that his allegations establish due process and other violations. Davis's claim is best characterized as a claim of obstruction of justice, but he cannot state such a claim because Orsolini had no duty to help him recover his money. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir.1994) ("The police have no affirmative obligation to ... protect one citizen from another even when one citizen deprives the other of liberty or property."). Accordingly, the district court did not err by dismissing the action without leave to amend. See Schucker, 846 F.2d at 1203-04.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3