**Robert M. SCHUCKER, Plaintiff–Appellant.**

v.

**Terry G. ROCKWOOD; James C. Fukuhara; Dewar, Romig & Rockwood, Inc.; Anne D. McGowan; DeLay, Laredo & McGowan; Maurice Jourdane, Defendants–Appellees.**

**No. 86–2900.**

United States Court of Appeals, Ninth Circuit.

Submitted March 24, 1988 *.

Decided May 17, 1988.

As Amended on Denial of Rehearing June 29, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert M. Schucker, pro se.

Carmela M. Bowns, DeLay & Laredo, Pacific Grove, Cal., Don Roberson, Dewar, Romig & Rockwood, Inc., Monterey, Cal., Stephen A. Lankes, Holbrook, Lankes & Groff, Salinas, Cal., for defendants-appellees.

Before WALLACE, SNEED and POOLE, Circuit Judges.

PER CURIAM:

Schucker appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. Schucker alleged that he had been deprived of his liberty and property without due process of law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a dismissal of an action de novo. *Whittington v. Whittington,* 733 F.2d 620, 621 (9th Cir.1984). Dismissal of a

pro se complaint without leave to amend is proper only if it is " 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987), *quoting Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam). Schucker does not contend that the district court should have allowed him to amend his complaint nor does he suggest what amendment he would make had he been allowed to do so.

The district court dismissed Schucker's claim against Judge Jourdane on the ground that the judge was absolutely immune from civil liability. Schucker now argues that Judge Jourdane acted in the "clear absence" of jurisdiction because a notice of appeal had been filed in the California Court of Appeal arising from the community property dispute and therefore Judge Jourdane lost his judicial immunity.

■ Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (*Ashelman*). Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman,* 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) (*Stump*). A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *See Forrester v. White,* —— U.S. ——, 108 S.Ct. 538, 544–46, 98 L.Ed.2d 555 (1988); *Stump,* 435 U.S. at 356–57 & n. 7, 98 S.Ct. at 1105 & n. 7; *Ashelman,* 793 F.2d at 1075.

■ At most, Schucker alleges that Judge Jourdane misinterpreted a statute and erroneously exercised jurisdiction and thereby acted in excess of his jurisdiction. Even assuming Judge Jourdane's assumption of jurisdiction was "in excess of his jurisdiction," the act was not done "in the clear absence of jurisdiction." *See Stump,* 435 U.S. at 357 n. 7, 98 S.Ct. at 1105 n. 7. Accordingly, the district court correctly dismissed Schucker's claim against Judge Jourdane.

■ The district court also dismissed Schucker's claim that Judge Jourdane and the law firms conspired to assert jurisdiction notwithstanding that jurisdiction allegedly only existed in the California Court of Appeal due to the filing of a notice of appeal. Schucker made his jurisdictional argument in Judge Jourdane's court. Judge Jourdane concluded that, notwithstanding the filing of the notice of appeal from the superior court's denial of Mrs. Schucker's motion for a distribution of Schucker's military retirement pay as community property pursuant to the 1976 amended interlocutory judgment of dissolution of marriage, his court retained jurisdiction because the order appealed from was for the payment of money. After resolving the jurisdictional argument, Judge Jourdane found Schucker guilty of civil contempt of court for not complying with the distribution of the military retirement pay provisions of the 1976 amended interlocutory judgment. At the sentencing hearing on June 24, 1983, Judge Jourdane ordered Schucker to comply with the 1976 amended interlocutory judgment and to post "an undertaking for alleged arrearages in such payments."

The basis of the alleged conspiracy was that approximately one month after Judge Jourdane issued this sentence, the law firms served an order to show cause why Schucker should not be held in contempt for failing to make required payments in accordance with the order. Schucker alleged that the law firms served the order in open court before Judge Jourdane. In essence, Schucker's complaint alleges that in accepting the law firms' jurisdictional argument, in ordering him to make payments to his ex-wife in accordance with the state divorce decree, in allowing the law firms to serve an order to show cause regarding contempt arising from his failure to make the payments, and in ordering Schucker jailed for refusing to make payments, Judge Jourdane became part of a conspiracy to deprive him of his liberty and property.

The district judge dismissed this claim because he concluded that the mere invoca-

tion of state judicial process does not convert a private party's action into state action even if the plaintiff alleges a "conspiracy" between the private parties and the judge. Although we recognize that an individual may bring a section 1983 action against private parties that conspire with a state actor immune from civil liability, *see Dennis v. Sparks*, 449 U.S. 24, 27–29, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980) (allegations that private parties bribed a judge in order to obtain a favorable ruling), "merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge." *Id.* at 28, 101 S.Ct. at 186. Schucker's conclusory allegations that Judge Jourdane conspired with the law firms are insufficient to support his section 1983 claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam). Invoking state legal procedures does not constitute "joint participation" or "conspiracy" with state officials sufficient to satisfy section 1983's state action requirement. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21, 102 S.Ct. 2744, 2755 & n. 21, 73 L.Ed.2d 482 (1982).

■ Finally, Schucker argues that the district court improperly considered an unpublished California Court of Appeal opinion. In that opinion, the California Court of Appeal, among other things, reversed the denial of Mrs. Schucker's motion to compel Schucker to pay a portion of his military retirement pay to Mrs. Schucker as part of the community property distribution. Schucker contends that in considering this opinion the district court should have treated the defendants' motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

We disagree. The district court's order dismissing Schucker's complaint merely repeats the facts from the California opinion that Schucker alleged in his complaint. Thus, the California appellate court opinion, to the extent the district court referred to it, was part of the pleadings and the district court properly considered it in granting the motion to dismiss.

On appeal, the defendants request attorneys' fees under 42 U.S.C. § 1988, Fed.R. App.P. 38, and Fed.R.Civ.P. 11. We award attorneys' fees against an unsuccessful appellant only if the action is meritless, in the sense that it is groundless or frivolous. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1367 (9th Cir.1987) (per curiam) (discussing Fed.R.App.P. 38); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986) (discussing Fed.R.Civ.P. 11); *Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir.) (discussing section 1988), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984). Because we do not believe that Schucker's appeal was groundless, we refuse to award attorneys' fees to the appellees. Schucker shall, however, bear the appellees' costs on appeal.

AFFIRMED.