959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kieron ALLSOP, Plaintiff-Appellant,
v.
CITY OF PHOENIX, a Body Politic, et al., Defendant-Appellee.
 No. 91-15637.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1991.*
Decided April 8, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kieron Allsop appeals the dismissal of his section 1983 action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). He also appeals other, related orders. We have jurisdiction pursuant to 42 U.S.C. § 1291. We affirm in part and reverse in part.
 
 
 3
 * Allsop was taken to a hospital after having been injured in
 
 
 4
 a car accident. Because police suspected that Allsop had
 
 
 5
 been driving under the influence of alcohol, they asked the
 
 
 6
 emergency room physician to give them a sample of Allsop's
 
 
 7
 blood. Allsop was not then under arrest. The police
 
 
 8
 obtained neither Allsop's consent nor a search warrant.
 
 
 9
 According to Allsop's original complaint and first amended
 
 
 10
 complaint, he was rendered unconscious in the accident,
 
 
 11
 remained unconscious until sometime after the doctor drew
 
 
 12
 blood, and did not learn that a blood sample had been taken
 
 
 13
 until months later. The blood sample showed a blood alcohol
 
 
 14
 content of 0.29%. The government used this showing in its
 
 
 15
 successful criminal prosecution of Allsop.
 
 
 16
 Allsop sued under 42 U.S.C. § 1983, claiming that the blood sample was taken in violation of the Fourth and Fourteenth Amendments. The district court granted the defendants' motion to dismiss, and denied Allsop's motion for leave to file another amended complaint. The court also denied several related motions. Allsop timely appealed.
 
 II
 
 17
 A dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed under the rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id.
 
 
 18
 Allsop contends that Schmerber v. California, 384 U.S. 757 (1966), requires, at a minimum, a prior arrest of the objecting suspect. In United States v. Harvey, this court did interpret Schmerber to hold that a prior valid arrest is generally required before blood may constitutionally be taken for evidence over a suspect's objections. 701 F.2d 800, 803-04 (9th Cir.1983).
 
 
 19
 The Harvey court made a further controlling determination. It held that a prior arrest is not required where the defendant is unconscious or otherwise "could not appreciate the significance of such action." Id. at 805-06. Although the police need not effect a prior arrest in this situation, they still must have probable cause for seizure of both the person and the blood. Id.
 
 
 20
 Allsop alleged in his original complaint and in his first amended complaint that he was unconscious before and during the time blood was drawn. He did not allege that the police lacked probable cause to take the blood sample as evidence of intoxication. Accordingly, Allsop does not state a constitutional violation.[1] His complaint was properly dismissed.
 
 III
 
 21
 Allsop contends that the court should have granted him leave to amend his complaint. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.) (quotation omitted), cert. denied, 488 U.S. 995 (1988).
 
 
 22
 Allsop maintains that he would have amended his complaint to allege that he was conscious prior to the time blood was drawn. At oral argument in the district court, Allsop admitted that he had no recollection of anything that occurred at the time and could not say whether he was conscious or not. To provide a basis for his request to amend, Allsop points to affidavits from emergency room personnel indicating that he was drunk and combative and had to be restrained by several people. At this stage in the litigation, we do not engage in a weighing of the evidence. We note only that Allsop provides a basis for amending his complaint to state a colorable claim.
 
 
 23
 It is not "absolutely clear" that the deficiencies in Allsop's complaint could not be cured by amendment to allege consciousness. Accordingly, we reverse the dismissal and direct the district court to grant Allsop leave to file another amended complaint.
 
 IV
 
 24
 Allsop contends that the district court erred in denying as moot his motions to add a defendant and for summary judgment. When the complaint was dismissed, these motions became moot. Because we reverse the dismissal of the complaint, we also reverse the denial of these motions. They are no longer moot.
 
 V
 
 25
 Allsop also contends that the district court erred in denying his motion for appointment of counsel. We review this denial for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. A finding of exceptional circumstances requires evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexities of the legal issues involved. Id.
 
 
 26
 Allsop's case did not present exceptional circumstances requiring the appointment of counsel. He showed himself quite capable of articulating his claims, both in the pleadings and also at oral argument. The court did not abuse its discretion in denying this motion on the record before it at the time.
 
 VI
 
 27
 Allsop's final argument is that the district court erred in denying his default motion against one of the defendants. Allsop failed to comply with Federal Rule of Civil Procedure 55, which requires entry of default by the clerk of the court before a judgment of default may be sought. Thus, the court did not err in denying this motion.
 
 VII
 
 28
 We REVERSE the district court's dismissal of the complaint and direct the district court to grant Allsop leave to amend his complaint. We also REVERSE the district court's denial of his motions to add a defendant and for summary judgment. We AFFIRM the district court's other orders in this case.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We need not determine whether Allsop's blood was taken in violation of Arizona statutory law. "Mere violation of a state statute does not infringe the federal Constitution." Snowden v. Hughes, 321 U.S. 1, 11 (1944)