967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Artis FREDERICK, Plaintiff-Appellant,
v.
Joseph BRITCHER, Defendant-Appellee.
 No. 91-35810.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 2, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Artis Frederick, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of Joseph Britcher, a prison serving line cook, in Frederick's 42 U.S.C. § 1983 action. Frederick contends that the district court erred in finding that Britcher was not liable under section 1983 because he was at most negligent in serving Frederick pork, a meat that Frederick was allergic to and could not eat under his religion. Frederick also claims that the district court abused its discretion by denying his motion to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issue of material fact and whether the substantive law was correctly applied. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1990). The denial of a motion to amend the complaint is reviewed for an abuse of discretion. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.), cert. denied, 488 U.S. 995 (1988).
 
 
 4
 To establish a section 1983 claim, the plaintiff must prove that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The conduct alleged to have caused the deprivation of a constitutional right must amount to more than lack of due care or mere negligence. Daniels v. Williams, 474 U.S. 327, 331-33 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).
 
 
 5
 Here, Frederick approached the serving line where Britcher was serving food and asked Britcher what type of meat was being served. Frederick claims that Britcher told him the meat was beef. Britcher claims he told Frederick that he did not know the type of meat being served. The meat was in fact pork and Frederick claims that eating the pork caused him to develop an allergic reaction and violated his Muslim religious faith which prohibits eating pork. Although Frederick was wearing a special tag indicating his religious need for a special diet, he did not inform Britcher of such need or that he was allergic to pork. Britcher's failure to notice Frederick's tag, or his alleged misstatement that the meat was beef, amount, at most, to negligence or lack of due care. Frederick has alleged no facts to indicate that Britcher acted intentionally to mislead Frederick as to the type of meat being served and to thereby violate his religious beliefs and cause his allergic reaction. See Daniels, 474 U.S. at 331-33. Accordingly, the district court did not err by granting summary judgment for Britcher.
 
 
 6
 Finally, the district court did not abuse its discretion by denying Frederick's motion to amend his complaint where the proposed amendment sought only to allege negligence and failure to exercise due care. See id.; Schucker, 846 F.2d at 1203-04.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3