70 F.3d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie WARNER, Plaintiff-Appellant,
v.
Linda ROBERTS; Misty Andrae; Lee Hotchkins; Mills Lane,
Defendants-Appellees.
 No. 95-16277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Leslie Warner appeals pro se the district court's dismissal as frivolous of his civil rights action under 42 U.S.C. Sec. 1983 alleging that his common-law wife and her daughter, together with Nevada state court Judge Mills Lane and Warner's private attorneys, conspired to obtain a default judgment resulting in the loss of Warner's property. We agree with the district court that Warner's amended complaint lacks an arguable basis in fact or law and further amendment would not create a cognizable federal constitutional claim under section 1983 because Judge Lane is entitled to absolute judicial immunity and the remaining defendants were not acting under color of state law. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc)[1]; Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.) (per curiam), cert. denied, 488 U.S. 995 (1988) (defendants' action of "invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement").
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This immunity does not extend to actions for prospective injunctive relief. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Here, however, the declaratory relief Warner sought in his complaint is not available since the state court judgment against him is final. See id