120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott Lee MICKELSEN, Plaintiff-Appellant,
v.
Marvin M. SMITH, D.C. Judge; Idaho Department of
Corrections; Richard A. Vernon, Director; Dave Paskett,
Warden; Joe Klauser; Ralph Newburg; Daniel Bruin; Gordon
Conrad; Kevin Castiglione; Ron McKinsey; Dean Allen; Jim
Rehder; Stephen Lamont; Duane Frieze; Andy Martin; Terry
Turner; June Fansler; Brian Tromsness; Idaho Commission
for Pardons & Parole; Del Ray Holm; Ida Leggit; Olivia
Craven West; Pete Rodriquez; Daniel Sharp; Gary
Scheilling, Defendants-Appellees.
 No. 96-35562.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Scott Lee Mickelsen, an Idaho state prisoner, appeals pro se the district court's dismissal for failure to state a claim in part and grant of summary judgment in part in his 42 U.S.C. § 1983 action alleging violations of the First Amendment and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's dismissal for failure to state a claim and the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 The district court properly granted summary judgment for defendant Smith based on Smith's absolute judicial immunity against Mickelsen's claims for damages. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam).[1]
 
 
 4
 The district court also properly dismissed Mickelsen's claims that defendants violated the Fourteenth Amendment by improperly classifying him and by assigning him to the wrong prison. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976).
 
 
 5
 The district court properly dismissed Mickelsen's claims that defendants violated the Fourteenth Amendment by revoking his probation after awarding it but prior to his release. See Jago v. Van Curen, 454 U.S. 14, 17 (1981) (per curiam).
 
 
 6
 The district court also properly dismissed Mickelsen's claims that defendants violated his right of access to the courts.[2] Where a prisoner has alleged that he has been prevented from presenting a non-frivolous claim challenging his conditions of confinement or his conviction, the prisoner must also allege that he suffered an "actual injury" to maintain an access-to-the-courts claim. See Lewis v. Casey, 116 S.Ct. 2174, 2178, 2182 (1996). Here, Mickelsen alleged that defendants confiscated a petition Mickelsen had prepared and signed on behalf of a fellow inmate who had been denied probation. Because this document did not relate to litigation being pursued by Mickelsen on his own behalf, we conclude that he failed to state a claim that his right of access to the courts was violated. See id.
 
 
 7
 Finally, the district court did not err by dismissing Mickelsen's retaliation claim. "A prisoner suing prison officials under [ § ] 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett, 31 F.3d at 815-16. Here, Mickelsen alleged that he was disciplined for circulating a petition on behalf of a fellow inmate who had been denied probation. We conclude that Mickelsen's allegations fail to identify a constitutionally-protected right. Accordingly, the district court did not err by dismissing Mickelsen's retaliation claim. See id.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Smith's judicial immunity does not extend to Mickelsen's request for a declaratory judgment, see Partington v. Gedan, 961 F.2d 852, 860 n. 8 (9th Cir.1992), because we affirm the district court's dismissal of Mickelsen's classification and placement claims on the merits, there is no reason to reinstate Smith as a defendant on remand
 
 
 [2]
 The district court construed Mickelsen's claims concerning confiscation of the petition and punishment for circulating the petition as due process claims. We conclude these claims are more appropriately construed as access-to-the-courts and retaliation claims respectively