122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven J. TERRALL, Plaintiff-Appellant,
v.
COUNTY OF WASHOE, sub-agency State of Nevada; Deborah K.
Fowler; John Doe, Police Officer, individually; City of
Reno Police Department, an agency of the City of Reno; City
of Reno, a municipal corporation existing under the laws of
the State of nevada; Mary Herzik, individually; CASA, an
agency for the County of Washoe, State of nevada; Does I
through X, inclusive; Scott Jordan, individually,
Defendants-Appellees.
 No. 96-16865.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-95-00590-DWH; David Warner Hagen, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven J. Terrall appeals pro se the district court's (1) summary judgment for defendants CASA and County of Washoe and (2) dismissal for failure to state a claim against defendants Scott Jordan, Mary Herzik, and Deborah K. Fowler in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment and dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam), and we affirm in part, vacate in part, and remand.
 
 
 3
 Terrall's § 1983 action alleged that government agencies, government employees, and the mother of his minor child interfered with his custodial rights to his child in violation of his substantive and procedural due process rights. See Stanley v. Illinois, 405 U.S. 645, 651 (1972).
 
 
 4
 When considering Terrall's claims against CASA, the district court considered the affidavit of a Nevada state court judge that CASA was under the direction of the Nevada state courts. Because this link to the state court system entitled CASA to Eleventh Amendment immunity as an agency of the state, the district court properly dismissed Terrall's claim against CASA. See Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987).
 
 
 5
 Terrall's claims against the County of Washoe were derivative of violations of his rights by either the district courts of Nevada or CASA. Because both the district courts and CASA were agencies of the state, see N.R.S. §§ 3.010-3.380, Terrall's complaint contained no allegations which applied to conduct of the county or its agencies, see Greater Los Angeles Council on Deafness, 812 F.2d at 1110. Accordingly, the district court did not err by dismissing Terrall's claims against the county. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978).
 
 
 6
 Because Jordan was entitled to absolute judicial immunity for the conduct described in the amendment to Terrall's complaint, the district court did not err by dismissing Terrall's action against Jordan for failure to state a claim. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam).
 
 
 7
 Similarly, in light of defendant Herzik's absolute quasi-judicial immunity, the district court did not err by dismissing Terrall's action against Herzik. See Meyers v. Contra Costa County Dep't of Soc. Servs., 812 F.2d 1154, 1159 (9th Cir.1987).
 
 
 8
 Because the district court did not provide Terrall, a pro se litigant, with notice of the complaint's deficiencies and an opportunity to amend prior to dismissal, the district court erred in dismissing Terrall's claim against Fowler for failure to state a claim. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988). Accordingly, we vacate the district court's dismissal of Terrall's claim against Fowler and remand for further proceedings. See id.
 
 
 9
 Each party shall bear their own costs on appeal.
 
 
 10
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Terrall's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3