145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred Banks, Plaintiff-Appellant,
v.
Bank of Commerce, and its employees; David H. Bartram;
Bonnie J. Fago; Patricia A. Hutchins; Business
Real Estate Brokerage Company, and its
employees; James W. Garvin,
Defendants-Appellees.
 No. 97-56466.
D.C. No. CV-97-00182-IEG.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfred Banks appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. §§ 1983 and 1985 action against the Bank of Commerce, three of its employees, Business Real Estate Brokerage Co., and its employee James Garvin. Banks alleged he was discriminated against in the process of defendants foreclosing on his property as a result of two defaulted 1993 bank loans. We affirm the district court's judgment on the basis that Banks has failed to set forth facts which tend to show that defendants conspired with state actors to deprive Banks of his constitutional right to equal protection. See Parrat v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Because defendants are neither state actors nor acting under color of state law, they are not amenable to suit under 42 U.S.C. § 1983. See Karim Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988); see also Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.1988) (per curiam)(invoking state legal procedures is not sufficient to satisfy section 1983's state action requirement).
 
 
 3
 We find no abuse of discretion in the district court's ruling denying Banks' motion to recuse Judge Gonzalez for bias and prejudice. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Banks' motion to remove Judge Gonzalez and transfer this case to another judge is denied