Amy SECRESS, Plaintiff—Appellant,

v.

Michael S. ULLMAN; et al.,
Defendants—Appellees.

No. 04–17177.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amy Secress, Walnut Creek, CA, for Plaintiff–Appellant.

Christopher Edward Krueger, Office of the California Attorney General, James R. Kirby, II, Esq., Segal and Kirby, Robert William Lucas, Esq., Murphy Pearson Bradley and Feeney, Sacramento, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

Amy Secress appeals pro se the district court's order dismissing her 42 U.S.C. §§ 1983 and 1985 action alleging that two state court judges, a private mediator, and a court-appointed lawyer violated her constitutional rights during the course of child custody proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), and we affirm.

■ The district court properly dismissed Secress' section 1983 claims against Judges Ullman and Mize because a state court judge is entitled to absolute immunity for judicial actions taken within his jurisdiction. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922–23 (9th Cir.2004).

■ The district court properly dismissed Secress' claims against defendant Stevens—a court-appointed attorney assigned to represent the minor child—because Stevens was not a state actor. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiff cannot sue opposing counsel under section 1983, "because he is a lawyer in private practice who was not acting under color of state law" and "[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient") (internal citations omitted); *c.f. Kirtley v. Rainey*, 326 F.3d 1088, 1093–95

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**638**

(9th Cir.2003) (holding court-appointed guardian does not act under color of state law).

The district court properly dismissed Secress' claims against defendant Mayo—a private mediator appointed by Judge Ullman pursuant to Cal. Fam.Code § 3180 and local court rule 14.08—because Mayo is entitled to quasi-judicial immunity while performing those duties. *See Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (articulating test for quasi-judicial immunity).

Secress' state-law claims against Mayo also fail because Mayo's actions as mediator fall within the absolute litigation privilege of Cal. Civil Code § 47. *See Silberg v. Anderson,* 50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365, 368 (1990).

The district court properly dismissed Secress' conspiracy claims because "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982); *see Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989). Nor is a conclusory allegation of conspiracy between a private person and a judge sufficient to establish the private person acted under color of law. *See Schucker v. Rockwood,* 846 F.2d 1202, 1205 (9th Cir.1988).

Secress' remaining contentions lack merit.

We deny all pending motions.

AFFIRMED.