**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1926

CHESTER J. CHALUPOWSKI, JR. ET AL.,

Plaintiffs, Appellants,

v.

JOHN C. STEVENS, III, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS THE CHIEF JUSTICE OF PROBATE
AND FAMILY COURT OF ESSEX COUNTY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Chester J. Chalupowski, Jr. and Malgorzata B. Chalupowski on
brief pro se.
David Hadas, Assistant Attorney General and Thomas F.
Reilly, Attorney General on brief for appellee.

December 13, 2005

**Per Curiam**.  The pro se appellants, Chester and Malgorzata Chalupowski, appeal from a district court decision dismissing their 42 U.S.C. § 1983 suit against a state court judge.  After careful review of the record and the parties' arguments, we affirm.

We do not pass on the question whether the Rooker-Feldman doctrine applies because neither party addresses a recent important Supreme Court case, Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1526 (2005).  In that case, the Court limited application of the doctrine to situations where the "losing party in state court filed suit in federal court after the state proceedings ended."

We affirm instead on the basis of judicial immunity, concluding that appellants' specific contentions lack merit. See, e.g., Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (finding that a state judge was immune even though he had ruled on a contempt petition after an appeal from a different ruling had been filed).  Moreover, the district court had no obligation to entertain the claim for declaratory relief. See Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) (stating that district courts have "unique and substantial discretion" in deciding whether to consider claims for declaratory relief).

Affirmed.