Glen M. LITTLE, Plaintiff–Appellant,

v.

David R. ANDERSON; et al.,
Defendant–Appellee.

No. 07–35589.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

Glen M. Little, Ontario, OR, pro se.

Appeal from the United States District Court for the District of Oregon; Ann L. Aiken, District Judge, Presiding. D.C. No. CV–07–006091–ALA.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Glen M. Little appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from his arrest and prosecution for harassment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order). Even assuming Little's complaint was timely filed, we affirm.

The district court properly dismissed Little's complaint because, even when liberally construed, it failed to state a claim for relief under § 1983. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir.2008) (affirming summary judgment for defendants in a § 1983 action

where plaintiff failed to allege facts showing defendants acted under the color of state law); *Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir.2001) (explaining that a state prosecutor is immune from an action for damages under § 1983 for activities intimately associated with the judicial phase of the criminal process); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."); *see also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir.1989) (per curiam) (instructing that Oregon's two-year statute of limitations for personal injury actions applies to actions under § 1983).

Little's "Motion To Accept Documents For Use In Appeal" is granted.

Little's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

