MEMORANDUM **
Paul Baldonado (“Baldonado”) appeals the district court’s order dismissing in its entirety his action under the Federal Tort Claims Act. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the applicability of the Feres doctrine, Dreier v. United States, 106 F.3d 844, 847 (9th *788 Cir.1997), and affirm in part and reverse in part.
As the district court properly held, the injuries Baldonado alleged in his complaint arose in the course of activity incident to military service. Therefore, Baldonado’s claims as alleged in the operative complaint are barred. Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950); see also Jackson v. United States, 110 F.3d 1484, 1489 (9th Cir.1997) (“Feres bars suits for medical malpractice even when the treatment was not for military-related injuries.”).
However, “[djismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.” Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.1988) (per curiam)). Baldonado’s pro se complaint is poorly worded and difficult to decipher. Nevertheless, in reviewing a motion to dismiss based on the Feres doctrine, we must accept the plaintiffs allegations as true. Dreier, 106 F.3d at 847. Baldonado’s complaint, though deficient in its current form, does allege that Department of Veterans Affairs doctors prescribed harmful medications to Baldonado in 1996, nine years after Baldonado left the Navy. Though we do not express an opinion as to the applicability of the Feres bar to Baldonado’s post-discharge injuries, it appears that the bar might not apply to the 1996 claims when analyzed under the “Johnson factors.” Johnson v. United States, 704 F.2d 1431, 1436-39 (9th Cir.1983). Accordingly, we reverse in part and remand to the district court to grant Baldonado leave to amend his complaint.
AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this disposition. With respect to this appeal, each side to bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.