**Bruce Richard SENATOR, Plaintiff—Appellant,**

v.

**CITY OF ORANGE POLICE DEPARTMENT; et al., Defendants—Appellees.**

No. 07–55425.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 13, 2009.*

Filed April 28, 2009.

Bruce Richard Senator, Santa Ana, CA, pro se.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Bruce Richard Senator appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failing to comply with court orders. We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any ground supported by the record. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir.2007). We affirm on the alternative basis that dismissal was warranted under 28 U.S.C. § 1915(e). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("It is ... clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The district court properly determined that, liberally construed, Senator's pleadings failed to state a claim upon which relief may be granted. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir.2000) (a bare allegation that private persons acted jointly with state officials is insufficient to state a claim under § 1983); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (claims under § 1985(3) require a showing of class-based animus); *Portman v. County of Santa Clara*, 995 F.2d 898, 908–09 (9th Cir.1993) (claims under the first clause of § 1985(2) require a showing of denial of access to the federal courts; claims under the second clause of § 1985(2) require a showing of class-based animus).

The district court correctly determined that Senator's claims were barred by the applicable statute of limitations to the extent that they were based on events that took place in 1998 or earlier. *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir.2004) (explaining that California's one-year statute of limitations for personal injury actions applies to § 1983 claims that accrued prior to January 1, 2003).

Because Senator was given several opportunities to correct the deficiencies in his pleadings, the district court did not err by dismissing the amended complaint with prejudice. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988) (per curiam) (holding that dismissal of a pro se complaint without leave to amend is proper where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Senator's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.