NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE CORONA, | No. 15-16163 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01473-MCE-AC |
| v. | |
| MICHELE VERDEROSA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Christine Corona appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging deprivation of her constitutional

rights in connection with an arrest, search, and seizure. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2010) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (dismissal on the basis of judicial immunity). We affirm.

The district court properly dismissed the claims against defendants Gatie, Jones, Vinson, and Montgomery because Corona failed to allege facts sufficient to state a plausible § 1983 claim. *See Hebbe*, 627 F.3d at 341-42 (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law.").

The district court properly dismissed the claims against defendant Judge Verderosa on the ground that the judge was absolutely immune from civil liability, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (judges are absolutely immune from damage actions taken within the jurisdiction of their courts), and properly dismissed the claims against defendant Tweddell on the ground that she was entitled to quasi-judicial immunity, *see Curry v. Castillo (In re*

2                                                                    15-16163

*Castillo)*, 297 F.3d 940, 948 (9th Cir. 2002) (individuals who perform functions that are judicial in nature, or have a sufficiently close nexus to the adjudicative process are entitled to a grant of quasi-judicial immunity).

Corona's contention regarding alleged judicial bias is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16163