**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN LEWIS, | No. 17-15241 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01080-TLN-KJN |
| v. | |
| JAN SCULLY, District Attorney, Sacramento County; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

California state prisoner Kevin Lewis appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations

arising from his state court conviction.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2011) (dismissal under 28 U.S.C. § 1915A); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We affirm.

The district court properly dismissed Lewis's action as *Heck*-barred because success on Lewis's claims would necessarily imply the invalidity of his conviction, and Lewis failed to show that his conviction had been invalidated. *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court properly dismissed claims for damages against Judges Mendez, Gilliard, and Newman on the basis of judicial immunity because Lewis failed to allege facts sufficient to show that these defendants acted "in the clear absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (explaining judicial immunity doctrine).

The district court properly dismissed claims for damages against defendants Scully and Asker on the basis of prosecutorial immunity because Lewis failed to

allege facts sufficient to show that the actions of these defendants were not "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and internal quotation marks omitted) (explaining prosecutorial immunity doctrine).

The district court did not abuse its discretion in denying Lewis's motion to recuse because Lewis failed to establish any grounds for such relief. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**