**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH WILLIAMS, | No. 19-55554 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02475-CAB-NLS |
| v. | |
| D. PARAMO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted March 12, 2021**
San Francisco, California

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges.

Kenneth Williams, a California state prisoner, appeals pro se from the

district court's order granting summary judgment in favor of defendants for failure

to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging First

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment, *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), and we affirm.[1]

The district court properly granted summary judgment because Williams failed to exhaust administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court."); *see also Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016) (setting forth circumstances when administrative remedies are deemed unavailable). Williams did not pursue third level review of his grievance even though he was not fully satisfied with the prison's response at the second level. *See Brown v. Valoff*, 422 F.3d 926, 941–43 (9th Cir. 2005) (explaining an inmate must fully exhaust administrative remedies when any remedy remains available to him, even if he has been afforded some measure of administrative relief). Because Williams did not exhaust available administrative

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve the issues on appeal.

remedies, the district court did not err by granting summary judgment in favor of defendants. *See Jones*, 549 U.S. at 211.

On appeal, Williams argues he should have been granted leave to amend his complaint before the district court entered summary judgment. We conclude amendment would have been futile because it would not cure Williams' failure to exhaust available administrative remedies. *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (holding a district court need not grant leave to amend if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment" (internal quotation marks and citation omitted)).

**AFFIRMED.**