**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WYATT N. REDFOX,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JOHN DOE, State Magistrate; JOHN DOE, State DA; TEADI CHANCE, State PO; JANE DOE, State on-call PO; DENICE MCKENZIE; BRANDON JONES; CHARLES D. AGERTER,<br><br>　　　　Defendants-Appellees. | No. 22-35166<br><br>D.C. No. 3:21-cv-00004-SLG-KFR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted April 17, 2023[**]

Before:　　CLIFTON, R. NELSON, and BRESS, Circuit Judges.

　　Wyatt N. Redfox appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging Fourth Amendment claims. We

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Redfox's claims against the magistrate judge and prosecutor as barred by absolute immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity for activities "intimately associated with the judicial phase of the criminal process"); *Shucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

The district court properly dismissed Redfox's claims against defendant probation officers and police officers because Redfox failed to allege facts sufficient to state a plausible Fourth Amendment claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.").

Redfox's motion to accept his late-filed opening brief (Docket Entry No. 10) is granted.

**AFFIRMED.**