NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN MALBERG,

        Plaintiff-Appellant,

 v.

ROBERT CASHEN, Lawyer; CHRISTINE
GUERRA, Lawyer; ALLISON DUNDAS,
Lawyer,

        Defendants-Appellees,

 and

TEMO GONZALEZ, Police Officer,

        Defendant.

No.   22-16703

D.C. No. 5:22-cv-01788-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Martin Malberg appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his First Amendment rights by obtaining a restraining order against him in state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Malberg's action because Malberg failed to allege facts sufficient to show that defendants were acting under color of state law when they allegedly violated his First Amendment rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no basis for civil liability).

**AFFIRMED.**