**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>     Plaintiff - Appellant,<br><br>v.<br><br>KENNETH R. GREEN, Jr., Magistrate Trustee; JUDY J. ROGERS, District Attorney; ARTURO REVELO, Public Defender,<br><br>     Defendants - Appellees. | No. 24-7070<br><br>D.C. No. 1:24-cv-00065-KES-CDB<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kirk Edward Sherriff, District Judge, Presiding

Submitted March 16, 2026**

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Kevin Massengale appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

connection with his arrest and detention for failure to appear in court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (application of absolute immunity); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Massengale's claims against Judge Green and Rogers as barred by absolute judicial immunity and absolute prosecutorial immunity, respectively. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." (citations omitted)); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (explaining that state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process").

The district court properly dismissed Massengale's claims against Revelo because Massengale failed to allege facts sufficient to show that Revelo was acting under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) (noting that an attorney does not act under the color of state law for the purposes of 42 U.S.C. § 1983 when performing the traditional role

of an attorney); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (setting forth elements of a § 1983 claim, including that the defendant be acting under color of state law).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

24-7070