**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN B. SMITH, Jr., | No. 10-56066 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07028-VAP-MAN |
| v. | |
| LOS ANGELES COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

California state prisoner Kevin B. Smith, Jr. appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his Fourth and Fourteenth Amendment rights were violated during a partial strip search while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (failure to state a claim); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust administrative remedies). We affirm.

The district court properly dismissed without prejudice four of Smith's claims because Smith failed to initiate an administrative grievance process as to any of those claims before filing his action. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (concluding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

The district court properly dismissed Smith's Fourteenth Amendment claim against Deputy Sanchez because Smith failed to allege any facts showing that Sanchez acted with an "expressed intent to punish" or that the search was "not reasonably related to a legitimate goal." *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979). Smith also failed to allege facts establishing that Sanchez acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it"); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (applying the deliberate indifference standard to pretrial detainees).

The district court properly concluded that Smith failed to state a Fourth Amendment claim against Sanchez because Smith failed to allege any facts showing that the search was unreasonable in light of "the scope of the particular intrusion, the manner in which it [wa]s conducted, the justification for initiating it, and the place in which it [wa]s conducted." *Bell*, 441 U.S. at 559 (upholding a policy of visual body cavity searches of pretrial detainees).

Because Smith failed to state a constitutional violation, there can be no municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

The district court properly dismissed without leave to amend Smith's third amended complaint because any amendment would have been futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**