**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VELASQUEZ, | No. 08-56634 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01130-LAB-CAB |
| v. | |
| A. BARRIOS, Medical Treatment Assistant; C. GRAY, Supervising Medical Nurse; C. ROBERTSON, CDO/Health Care Manager; M. LEVIN, Medical Doctor; F. PASCUA, Medical Appeals Examiner; R. TORREZ, Medical Appeal Analyst; JUAN GONZALEZ, Surgeon; S. THOMAS, Doctor/FNP; C. HALL, Appeal Examiner; N. GRANNIS, Chief Inmate Appeal Coordinator; L. E. SCRIBNER, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and THOMAS, Circuit Judges, and SEEBORG, District Judge.[**]

Prisoner David Velasquez appeals from the district court's final judgment dismissing his 42 U.S.C. § 1983 claims with prejudice and without leave to amend. For the following reasons, we affirm.

I

The district court did not err in dismissing Velasquez's Eighth Amendment allegations because he cannot demonstrate that appellees acted with deliberate indifference in delaying his hernia surgery. The Eighth Amendment requires the government to provide a certain level of medical care to its prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Not every breach of this duty, however, amounts to a constitutional violation. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Instead, the relevant inquiry when an inmate contends that prison officials neglected his medical needs is whether these officials demonstrated "deliberate indifference." *Estelle*, 429 U.S. at 104. To state a claim under the deliberate indifference standard, an inmate must allege more than mere negligence, but rather plead facts sufficient to support the conclusion that prison officials were aware of a substantial risk to the prisoner's health, yet purposefully disregarded it.

---

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

2

*See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Furthermore, when, as here, a claim is based on a delay in treatment, such a delay only rises to a constitutional violation if it caused the prisoner "substantial harm." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Velasquez maintains appellees were aware of his condition, yet unreasonably delayed his hernia operation for over a year. None of his allegations, however, demonstrates the existence of deliberate indifference. In fact, the undisputed facts reflect that appellees attended to Velasquez's needs by providing him with pain medication after his hernia diagnosis, meeting with him on a number of occasions to discuss his pain treatment, responding to his numerous administrative appeals, placing him on the high priority list for surgery, and scheduling the procedure as soon as a surgeon was available. Accordingly, Velasquez's § 1983 Eighth Amendment claim was properly dismissed.

II

The district court did not err in dismissing plaintiff's § 1983 claim alleging that appellees violated his Fourteenth Amendment due process rights in refusing to fulfill his pleas for immediate treatment. Appellees' delay or inaction in responding to Velasquez's appeals cannot alone serve as the basis for a due process claim because a prison's grievance procedures do not confer any Fourteenth

3

Amendment rights upon inmates. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Consequently, an official's action or inaction with respect to a prisoner's appeal cannot give rise to § 1983 liability. Velasquez's frustration with the prison's handling of his medical requests, therefore, is an insufficient basis for a due process claim and it was properly dismissed.

III

The district court did not abuse its discretion in denying plaintiff leave to amend. Dismissal of a *pro se* complaint with prejudice is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted). Here, the district court appropriately dismissed Velasquez's complaint without leave to amend because any amendment would have been futile. There is no evidence that appellees' conduct rose to the level of a constitutional violation on which Velasquez could base a § 1983 claim.

**AFFIRMED.**