**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILIP WALKER ROSATI,
                *Plaintiff-Appellant*,

v.

IGBINOSO, Chief Medical Officer,
Pleasant Valley State Prison; SUSAN
L. HUBBARD, Director of California
Department of Corrections,
                *Defendants-Appellees*.

No. 13-15984

D.C. No.
1:12-cv-01213-
RRB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted
June 8, 2015—San Francisco, California

Filed June 26, 2015

Before: Barry G. Silverman, Ronald M. Gould,
and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

**SUMMARY**[*]

---

### Prisoner Civil Rights

The panel reversed the district court's dismissal of a pro se complaint brought by a California state prisoner pursuant to 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to the prisoner's serious medical needs, in violation of the Eighth Amendment, when they refused to provide sexual reassignment surgery.

The panel held that the allegations in the complaint were sufficient to state a claim. The panel held that plaintiff plausibly alleged that her symptoms (including repeated efforts at self-castration) were so severe that prison officials recklessly disregarded an excessive risk to her health by denying sexual reassignment surgery solely on the recommendation of a physician's assistant with no experience in transgender medicine. The panel expressed no opinion on whether sexual reassignment surgery was medically necessary for plaintiff or whether prison officials have other legitimate reasons for denying her that treatment. The panel further held that on remand, the district court should address the merits of plaintiff's Equal Protection Claim in the first instance.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jon W. Davidson, Peter C. Renn (argued), Lambda Legal Defense and Education Fund, Inc., Los Angeles, California; Alison Hardy, Prison Law Office, Berkeley, California, for Plaintiff-Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Senior Assistant Attorney General, Thomas S. Patterson, Supervising Deputy Attorney General, Jose A. Zelidon-Zepeda and Neah Huynh (argued), Deputy Attorneys General, San Francisco, California, for Defendants-Appellees.

Cori A. Lable, Daniel V. McCaughey, Michael T. Packard, and Kevin P. Budris, Ropes & Gray LLP, Boston, Massachusetts, for Amicus Curiae World Professional Association for Transgender Health.

## OPINION

PER CURIAM:

Philip Walker Rosati (now known as Mia Rosati) is a transgender inmate in the California prison system.[1] Rosati filed a pro se 42 U.S.C. § 1983 complaint claiming that prison officials violated the Eighth Amendment through deliberate indifference to her serious medical needs. Rosati alleges that she suffers from severe gender dysphoria for

---

[1] Like the parties, we refer to Rosati in the feminine.

which sexual reassignment surgery ("SRS") is the medically necessary treatment, but that prison officials refuse to provide the surgery.  The district court dismissed the complaint at screening without leave to amend for failure to state a claim.  Rosati, now represented by counsel, appeals. We have jurisdiction under 28 U.S.C. § 1291; we reverse the dismissal and remand for further proceedings.

In determining whether a complaint should be dismissed for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), we apply the familiar standard of Federal Rule of Civil Procedure 12(b)(6).  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

Deliberate indifference to the serious medical needs of an inmate is "cruel and unusual punishment" under the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976).  To demonstrate deliberate indifference, "plaintiffs must show that [prison officials] were (a) *subjectively aware* of the serious medical need and (b) failed to adequately respond."  *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010), *vacated*, 131 S. Ct. 1812 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011).  An inmate challenging denial of treatment must allege that the denial "was medically unacceptable under the circumstances," and made "in conscious disregard of an excessive risk to [the inmate]'s health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

**1.** "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar*, 698 F.3d at 1212 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam)). At oral argument, the state defendants conceded that the district judge erred by dismissing without leave to amend. This concession alone justifies reversal. But, even absent the concession, we conclude that the complaint, although not drafted with the skill and brevity expected of counsel, stated an Eighth Amendment claim upon which relief could be granted. *See id.* (noting that the court has "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt" (internal quotation marks omitted)).

**2.** Rosati's complaint plausibly alleges that she has severe gender dysphoria, citing repeated episodes of attempted self-castration despite continued hormone treatment.[2] Rosati also alleges that the medically accepted treatment for her dysphoria is SRS, supporting that allegation with copious citations to the World Professional Association for Transgender Health ("WPATH") Standards of Care.[3] Rosati plausibly alleges that prison officials were

---

[2] For purposes of this appeal, the state conceded that gender dysphoria is a serious medical condition.

[3] The state's argument that the WPATH standards are not fully accepted by the medical community is unavailing because it relies on matters outside the complaint. "When reviewing a motion to dismiss,

aware of her medical history and need for treatment, but denied the surgery because of a blanket policy against SRS. Indeed, the state acknowledged at oral argument that no California prisoner has ever received SRS. *See, e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir. 2014) (holding that the "blanket, categorical denial of medically indicated surgery solely on the basis of an administrative policy that one eye is good enough for prison inmates is the paradigm of deliberate indifference" (internal quotation marks omitted)).

Even absent such a blanket policy, Rosati plausibly alleges her symptoms (including repeated efforts at self-castration) are so severe that prison officials recklessly disregarded an excessive risk to her health by denying SRS solely on the recommendation of a physician's assistant with no experience in transgender medicine. *See Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) (explaining that "if the need for specialized expertise . . . would have been obvious to a lay person, then the 'obdurate refusal' to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition"); *Hoptowit v. Ray*, 682 F.2d 1237, 1252–53 (9th Cir. 1982) ("Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoners' problems."), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Although Rosati lacks a medical opinion recommending SRS, she plausibly alleges that this is because the state has

---

we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted).

failed to provide her access to a physician competent to evaluate her. *See De'lonta v. Johnson*, 708 F.3d 520, 526 n.4 (4th Cir. 2013) ("Appellees . . . take pains to point out that, absent a doctor's recommendation, De'lonta cannot show a demonstrable need for sex reassignment surgery. However, we struggle to discern how De'lonta could have possibly satisfied that condition when, as she alleges, Appellees have never allowed her to be evaluated by a [gender dysphoria] specialist in the first place.").

**3.** We express no opinion on whether SRS is medically necessary for Rosati or whether prison officials have other legitimate reasons for denying her that treatment. But, like other courts that have considered similar actions, we hold that the allegations in Rosati's complaint are sufficient to state a claim. *See, e.g.*, *Kosilek v. Spencer*, 774 F.3d 63, 91 (1st Cir. 2014) (en banc); *De'lonta*, 708 F.3d at 525–27; *Norsworthy v. Beard*, 2015 WL 1478264, at *7–9 (N.D. Cal. Mar. 31, 2015); *Soneeya v. Spencer*, 851 F. Supp. 2d 228, 245–52 (D. Mass. 2012); *see also Fields v. Smith*, 653 F.3d 550, 554–59 (7th Cir. 2011) (affirming a district court's determination that a statute barring hormone treatment and gender reassignment surgery for prisoners was unconstitutional).[4]

**REVERSED AND REMANDED**.

---

[4] Rosati also asserted an Equal Protection claim, which the district court dismissed without explanation. That court should address the merits of this claim in the first instance on remand. *See Akhtar*, 698 F.3d at 1212–13 ("To comply with the law of this circuit, the district court was required to explain the deficiencies in Akhtar's first amended complaint.").