**NOT FOR PUBLICATION**

FEB 06 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICKEY EGBERTO,

          Plaintiff - Appellant,

v.

NEVADA DEPARTMENT OF
CORRECTIONS; et al.,

          Defendants - Appellees.

No. 13-16055

D.C. No. 3:06-cv-00715-RCJ-
WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted January 9, 2017
San Francisco, California

Before: WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Appellant Rickey Egberto appeals from the district court's summary

judgment on his Eighth Amendment deliberate medical indifference claim. We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

We review the district court's summary judgment de novo. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). "Whether a plaintiff's federal rights were clearly established at the time of the alleged violation is also a question of law reviewed de novo." *Boyd v. Benton Cty.*, 374 F.3d 773, 778 (9th Cir. 2004).

As an initial matter, we note that the district court granted summary judgment to the Nevada Department of Corrections (Department) on the grounds that neither a state nor its agencies can be sued under 42 U.S.C. § 1983. We do not take Egberto to challenge this aspect of the district court's order, but that portion of the order was correct, in any case. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment.").

Egberto alleges that Appellees violated his Eighth Amendment right to be free from cruel and unusual punishment by interfering with or denying medical treatment in four ways: (1) delaying an MRI for five months; (2) refusing to provide back surgery; (3) denying recommended spinal injections and adequate medication; and (4) confiscating his walker. We conclude that Egberto has raised

2

triable issues of fact regarding the MRI, spinal injections, medication, and walker, but not the surgery.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) (internal citation omitted), *quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05 (footnotes omitted).

Our court employs a two-part test for deliberate indifference. "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant[s'] response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), *quoting Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

As to the first part, we have identified three situations in which a medical need is serious: (1) "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (2) "the presence of a medical condition that significantly affects an individual's daily activities"; or (3) "the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Egberto's medical scans and evaluations are objective evidence implicating at least the first and third situations, since examining doctors found his ailments "worthy of comment [and] treatment," and Doctor Long identified the pain as both "excruciating" and "chronic." Appellees' competing evidence concerning the source and extent of this pain—including Doctor Long's late revised opinion that Egberto is malingering—only creates a factual question for the jury to resolve. On summary judgment, though, "we must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Viewing the evidence in the light most favorable to Egberto, he has raised a

genuine dispute of material fact as to whether his back pain constitutes a serious medical need.

Moving to the second part of the analysis, Egberto's evidence also creates a genuine dispute of material fact as to whether Appellees were deliberately indifferent to his serious medical need. "A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014), *quoting Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "This 'requires more than ordinary lack of due care.'" *Id.*, *quoting Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, *quoting Farmer*, 511 U.S. at 837.

Egberto first complains of a delay in receiving an MRI of his back. Doctor Long recommended the MRI in February 2006, but Egberto did not receive it until July of that year. Appellees have not explained this delay, and the record raises questions as to their motivation. For instance, Egberto's MRI appointment on March 13 was cancelled because he was transferred to another prison that day, supposedly for an impending court appearance. But the appearance for which he

was transferred did not occur until April 5, and was not even *scheduled* until ten days after the transfer. There was thus no objective need shown to transfer him on the day of the MRI. Considering this fact in light of Egberto's lengthy disciplinary history and the Department's repeated attempts to transfer him out of the state, we conclude that a reasonable jury could find that prison officials interfered with Egberto's treatment for non-medical reasons, such as personal animus, which can constitute deliberate indifference. *See, e.g.*, *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The delay alone, however, is not enough to make out an Eighth Amendment claim; Egberto must also show that it caused him further harm. *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994). When Egberto's back injury was first diagnosed in 1999, a CT scan revealed the involvement of two discs in his spine. By the time he received the MRI in July 2006, four discs were involved. Although there is no evidence as to how many discs were affected at the time Doctor Long ordered the MRI, Egberto is entitled to all reasonable inferences in his favor at the summary judgment stage. This includes an inference that at least some of the additional disc involvement occurred while he was waiting to receive the MRI. Accordingly, the district court erred by granting summary judgment on Egberto's claim as it relates to the MRI.

6

Egberto's remaining allegations concern the outright denial of treatment. "An inmate challenging denial of treatment must [show] that the denial 'was medically unacceptable under the circumstances,' and made 'in conscious disregard of an excessive risk to [the inmate]'s health.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015), *quoting Jackson*, 90 F.3d at 332.

Regarding the failure to provide back surgery, Egberto has not shown that surgery was medically necessary. The two medical evaluations he cites merely suggested that surgery *might* be required, contingent on future evaluations and the efficacy of other treatments. There is no other evidence to support this aspect of Egberto's claim, so summary judgment was appropriate here.

Egberto next alleges that prison officials denied him prescribed spinal injections. Although a doctor recommended the injections, there is no evidence that Egberto ever received them. Deliberate indifference may be found "where prison officials and doctors deliberately ignore[ ] the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." *Jett*, 439 F.3d at 1097, *quoting Hamilton v. Endell*, 981 F.2d 1062, 1066–67 (9th Cir. 1992). A jury could reasonably infer from Appellees' unexplained failure to provide recommended treatment that they did just that; thus the district court should not have granted summary judgment on this aspect of Egberto's claim.

Likewise, a reasonable jury could find that Appellees were deliberately indifferent by denying Egberto adequate medication. Prison officials violate the Eighth Amendment when they "ignore[] the instructions of the prisoner's treating physician or surgeon" when providing prescribed medication. *Wakefield v. Thompson*, 177 F.3d 1160, 1164–65 (9th Cir. 1999). Doctors recommended medication for Egberto's back pain on several occasions, but there is evidence suggesting that the medication Appellees provided was inadequate. Indeed, a prison doctor informed him that they were still working on developing a "safe and effective medication regimen" almost a year and half after the original recommendation. Given Egberto's constant complaints of pain arising from the alleged deprivation of medication, he has shown enough to withstand summary judgment.

Finally, Egberto argues that Appellees were deliberately indifferent to his medical needs when they confiscated his walker. As with the spinal injections and medications, a doctor recommended that Egberto use the walker, and he did so without incident for a few months before it was confiscated upon his transfer to a new prison. Despite doctors' subsequent recommendations that he use a walker, prison authorities consistently denied his requests for one.

Summary judgment on this aspect of the claim was error because Appellees'

8

proffered security justification for confiscating the walker, which the district court credited, is itself a disputed fact. The record shows that Egberto committed no infractions between the time the walker was issued and when it was confiscated, and that his only violent infractions up to that point long predated the use of the walker. Because nothing changed with respect to Egberto's potential as a security threat between the issuance of the walker and its confiscation, a reasonable jury could infer that, as with the MRI, Appellees denied him the walker for other reasons. Since this denial ran counter to "the instructions of [the] prisoner's treating physician," it could support a finding of deliberate indifference. *See Wakefield*, 177 F.3d at 1165.

We also reject the district court's alternative holding that Appellees are entitled to qualified immunity, which is appropriate only when a plaintiff cannot show that the defendants violated a clearly established constitutional right. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). As explained above, a reasonable jury could conclude that Appellees delayed or denied recommended treatment for non-medical reasons, including personal animus. It was clearly established during the relevant time period that such conduct would violate Egberto's Eighth Amendment right. *See Wakefield*, 177 F.3d at 1165; *Jackson*, 90 F.3d at 332. Accordingly, Appellees cannot avail themselves of immunity at this

9

juncture.

In sum, we conclude that Egberto has adduced sufficient evidence—both objective and subjective—to create disputes of material issues of fact with respect to whether the delayed MRI and the alleged denials of spinal injections, medication, and a walker violated his constitutional right. Accordingly, we reverse the district court's summary judgment on those aspects of Egberto's Eighth Amendment claim as to all defendants other than the Department. We affirm, however, the entry of summary judgment as to the denial of back surgery. Each party shall bear its own costs.

**AFFIRMED in part, REVERSED and REMANDED in part.**