**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAIRAY T. MORRIS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>STATE OF CALIFORNIA; RALPH DIAZ, Secretary of California Department of Corrections; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JIM ROBERTSON, Warden of Pelican Bay State Prison; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES; NANCY ADAMS, Physician in Pelican Bay State Prison; SUE RISENHOOVER, Physician in Pelican Bay State Prison; SUSAN WADDELL, Nurse in Pelican Bay State Prison; PELICAN BAY STATE PRISON,<br><br>Defendants-Appellees. | No. 21-16059<br><br>D.C. No. 4:19-cv-02620-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted June 16, 2022
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Tairay Taqwain Morris appeals the dismissal of his disability discrimination claim under Title II of the Americans with Disabilities Act (ADA). The district court dismissed his pro se claim with prejudice, construing Morris's requests for a wheelchair and housing in a facility with a wheelchair ramp as requests for medical treatment that were not cognizable under Title II. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

1.      The district court did not err in dismissing Morris's complaint. We review dismissal for failure to state a claim de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). "We may affirm the district court's dismissal of the complaint on any basis supported by the record." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). To state a prima facie case for a Title II claim, Morris must show that:

> (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (internal quotation marks omitted) (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)).

Construing Morris's complaint generously, his requests for a wheelchair and housing with a wheelchair ramp are requests for accommodations. The district court erred in construing Morris's requests as exclusively ones for medical treatment. While Title II of the ADA cannot be used to litigate medical malpractice claims or inadequate treatment claims, "[a] failure to provide reasonable accommodation can constitute discrimination." *See Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)); *see also Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Morris's complaint alleges that he requested and was denied a wheelchair and housing with a wheelchair ramp. The district court had a duty to construe Morris's pro se complaint liberally. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). Construed liberally, Morris's argument is not that his medical treatment was inadequate, but that he requested and was denied accommodations necessary for

3

him to access prison services, programs, or activities. *See Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir. 2013) (suggesting that reasonable accommodations in a prison include wheelchairs).

However, Morris's complaint fails to state a claim because he failed to allege that he was excluded from participation in or denied the benefits of a service, program, or activity. *See Payan*, 11 F.4th at 737; *see also Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) ("A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint."). Morris argues that his inability to access Pelican Bay State Prison's services, programs, or activities can be inferred from his allegations that injuries to his right knee and left foot prevented him from walking. But Morris has failed to allege sufficient facts that, when taken as true, rise "above a speculative level." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] Therefore, we affirm the district court's dismissal of Morris's Title II ADA claim for failure to state a claim.

---

[1] Because Morris does not allege that he was excluded from or denied the benefits of a service, program, or activity, he also fails to allege that any such denial was "by reason of" his disability.

2.     The district court erred in dismissing Morris's complaint with prejudice.  "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 541 (9th Cir. 2022) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)).  This is especially true for a pro se complaint, for which dismissal without leave to amend is inappropriate unless it is "*absolutely clear* that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (emphasis added) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

The district court's determination that leave to amend would be futile was based on its erroneously narrow construction of Morris's complaint.  However, after construing Morris's requests for a wheelchair and housing with a wheelchair ramp as requests for accommodations rather than requests for medical treatment, "we can conceive of additional facts that could, if formally alleged, support the claim." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  In fact, Morris can specify the services, programs, or activities from which he was excluded and how his disabilities were the cause of his exclusion, which would cure the deficiencies in his ADA claim.

5

Defendants argue that leave to amend would be futile because Morris was already afforded an opportunity to amend his complaint, and he failed to allege any new facts to support his ADA claim. However, this amendment must be considered in context—the district court's initial screening order allowed his ADA claim to proceed and dismissed with leave to amend his Eighth Amendment claim. "[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). While the district court put Morris on notice of deficiencies in his Eighth Amendment claim, Morris received no such notice of the deficiencies in his ADA claim. Therefore, the district court's dismissal with prejudice is vacated and we remand with instructions for the district court to grant Morris leave to amend his Title II ADA claim.

**AFFIRMED in part, VACATED and REMANDED in part.**