**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DERRICK HUNDLEY, AKA Jamee Deirdre Hundley, | No. 21-15757 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00458-RCJ-WGC |
| v. | |
| ROMEO ARANAS; RENEE BAKER, Warden; DAVID BEQUETTE; UTILIZATION REVIEW PANEL; MICHAEL MINEV; KIM ADAMSON; NAUGHTON; RUSTY DONNELLY; DON POAG; JAMES DZURENDA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 9, 2022
San Francisco, California

Before: GRABER, GOULD, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jamee Deirdre Hundley is a transgender woman incarcerated at Lovelock Correctional Center ("LCC") in Nevada—a men's prison. She filed a pro se complaint under 42 U.S.C. § 1983 in forma pauperis against various prison officials at LCC and the Nevada Department of Corrections ("NDOC"), alleging deliberate indifference to her serious medical needs, in violation of her Eighth Amendment right; alleging violation of her First Amendment right to be free from retaliation for filing grievances; and alleging violation of her Fourteenth Amendment right to equal protection. The district court allowed Hundley to amend her complaint once under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, then sua sponte dismissed the amended complaint with prejudice for failure to state a claim.

We review de novo the "district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive this screening, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We construe pleadings of pro se litigants liberally and dismiss them only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom*, 762 F.3d at 908 (citation omitted). We review for abuse of

2

discretion the district court's decision not to grant leave to amend. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

1. Hundley stated an Eighth Amendment claim of deliberate indifference to a serious medical need by defendants Aranas and Poag for declining to evaluate her for sex reassignment surgery ("SRS") based on NDOC's alleged blanket policy against providing SRS to any inmate. Hundley was diagnosed with "severe and persistent gender dysphoria/transsexualism" in 2012. Gender dysphoria is a serious medical condition under the Eighth Amendment. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (2019). "[T]he 'blanket, categorical denial of medically indicated surgery solely on the basis of an administrative policy that "one eye is good enough for prison inmates" is the paradigm of deliberate indifference.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1040 (9th Cir. 2015) (quoting *Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir. 2014)). It follows that we should not accept a blanket prison policy against SRS. Rather, the prison must make an individualized decision about whether Hundley should have her gender dysphoria treated by SRS. The district court erred by dismissing this claim, and we reverse and remand.

2. Hundley stated an equal protection violation under the Fourteenth Amendment against defendant Bequette, the laundry supervisor, for his refusal to issue her female undergarments. To state a claim upon which relief can be granted

3

"for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998)). Discrimination against an individual based on a person's gender identity demands heightened scrutiny. *Karnoski v. Trump*, 926 F.3d 1180, 1200–01 (9th Cir. 2019). Here, Hundley alleges that Bequette denied her female undergarments because she is a transgender woman. This denial is a violation of her Fourteenth Amendment right to equal protection under the law. *See Serrano v. Francis*, 345 F.3d 1071, 1083 (9th Cir. 2003) (holding that a prisoner pleaded sufficient facts to state an equal protection violation by alleging that a prison official made comments about the prisoner's race in denying him the opportunity to present witnesses at a hearing). The district court erred in dismissing this claim, and we reverse and remand.

3. The district court properly dismissed the claims for monetary damages that Hundley brought against the defendants in their official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). On those claims, we affirm.

4. As to the rest of Hundley's claims, the district court abused its discretion by dismissing the claims without giving Hundley leave to amend. "A district court should not dismiss a pro se complaint without leave to amend unless it is

4

absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati*, 791 F.3d at 1039 (internal quotations and citation omitted).

Although given one chance to amend her complaint, Hundley raised these issues for the first time in her amended complaint, and it is not "absolutely clear" that an amendment would not cure the deficiencies in her handwritten pro se complaint. This is especially true because Hundley is now represented by counsel. Further, at oral argument, Nevada agreed that Hundley should be given an opportunity to amend her complaint. We vacate and remand the remainder of the issues in this case with instructions to the district court to allow Hundley to amend her complaint.

**REVERSED IN PART, AFFIRMED IN PART, and VACATED and REMANDED IN PART. The parties shall bear their own costs on appeal.**