NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VALERIANO DIVIACCHI,

          Plaintiff-Appellant,

v.

STATE BAR OF CALIFORNIA,

          Defendant-Appellee.

No.   23-16170

D.C. No. 3:23-cv-02417-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

Valeriano Diviacchi appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action against the State Bar of California for lack of subject matter

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review a district court's dismissal based on Eleventh Amendment immunity de novo. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). The California State Bar "is an arm of the state and entitled to sovereign immunity." *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1032 (9th Cir. 2023) (en banc). There is no question that sovereign immunity applies to Diviacchi's claims against the California State Bar—the only named defendant.

Diviacchi argues that Eleventh Amendment immunity does not apply because he is not seeking money damages, but "declaratory and injunctive relief from a state agency's violation of federal law." But sovereign immunity bars cases against arms of the state "regardless of the nature of the relief sought," including declaratory and injunctive relief. *Crowe v. Or. State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Diviacchi argues for an exception to sovereign immunity as set forth in *Ex parte Young*, 209 U.S. 123 (1908). "For *Ex parte Young* to apply, a plaintiff must point to threatened or ongoing unlawful conduct by a particular governmental officer. The doctrine does not allow a plaintiff to circumvent sovereign immunity by naming some arbitrarily chosen governmental officer or an officer with only general responsibility for governmental policy." *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020). It also applies only to claims "for

2

prospective relief against ongoing violations of federal law." *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2001), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002). Neither requirement is satisfied here. The State Bar is the only named defendant and is not an individual state official. Diviacchi also seeks *retrospective* declaratory relief—an order "to allow [him] to complete the 'Application for Determination of Moral Character' and to give him a hearing and decision on the merits to his application for admission with full rights of review."

2. Because the Eleventh Amendment bars this suit, we need not address the jurisdictional limitations on this court's authority to review the judgment of the California Supreme Court under the *Rooker-Feldman* doctrine.

3. We review dismissals with prejudice for abuse of discretion. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). Dismissal of a pro se complaint without leave to amend is proper if the deficiencies of the complaint could not be cured by amendment. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Even if Diviacchi could add a State Bar official as a defendant, he still seeks retrospective relief, which is not permitted under *Ex parte Young*. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) ("[R]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant . . . ."). We thus agree that amendment of his

3

complaint would have been futile.

**AFFIRMED**.