NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SING CHO NG,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>BING KUNG BL ASSOCIATION, DBA<br>Bing Kung Bo Leung Inc (UBI 601-677-293), DBA Bing Kung Bo Leung Society<br>(under UBI 601-858-308), its directors,<br>managers and officials in their official and<br>individual capacities; et al.,<br><br>          Defendants. | No. 18-35746<br><br>D.C. No. 2:18-cv-00690-JCC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Sing Cho Ng appeals pro se from the district court's judgment dismissing his

action concerning his eviction from a single room occupancy apartment in Seattle,

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed the claims against Judge Helson on the basis of judicial immunity because Ng failed to allege facts sufficient to show that Judge Helson acted "in the clear absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (explaining judicial immunity doctrine).

The district court properly dismissed the claims against Kirsten Grant on the basis of quasi-judicial immunity because Ng failed to allege facts sufficient to show that the tasks that Grant performed were not "an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining quasi-judicial immunity doctrine).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ng's motion to supplement the record on appeal and for judicial notice (Docket Entry No. 17) is denied.

Ng's motions to file a supplemental brief (Docket Entry Nos. 22, 23) are

granted in part. The Clerk shall file Ng's opening brief submitted at Docket Entry

No. 18-1, and strike all other opening briefs, and file pages 592-627 of Docket

Entry 15-2 as excerpts of record. The remainders of these motions are denied.

**AFFIRMED.**