NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARY VANDERMEULEN, | No. 19-15273 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02062-JAT-DMF |
| v. | |
| THOMAS L. LECLAIRE, Superior Court Judge (retired) County of Maricopa; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Cary VanDerMeulen appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a variety of constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Whitaker v.*

*Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*,

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

512 U.S. 477 (1994)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed VanDerMeulen's claims against officers Walter and Tucker related to VanDerMeulen's arrest and the search and seizure of his property because success on these claims would necessarily imply the invalidity of his conviction, and VanDerMeulen failed to show that his conviction had been invalidated. *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court properly dismissed VanDerMeulen's remaining claims against officers Walter and Tucker, as well as his claims against Brinker, Shupe, and Judges LeClaire, McMurdie, Swann, and Orozco, because these defendants are entitled to absolute immunity. *See Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) ("Witnesses, including police witnesses, are accorded absolute immunity from liability for their testimony in judicial proceedings."); *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991) (explaining that government attorneys are subject to absolute immunity in both civil trials and criminal

proceedings); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (explaining judicial immunity doctrine).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**