NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATALIN BLOODGOOD-LOPER,

Plaintiff-Appellant,

v.

LENARD LOPER; LVL INVESTMENTS, LLC; MICHELLE L. MERCER,

Defendants-Appellees.

No. 23-15109

D.C. No. 2:22-cv-01320-JAD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 20, 2024[**]

Before:    S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Katalin Bloodgood-Loper appeals pro se from the district court's judgment dismissing her action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed the claims against Judge Mercer on the basis of judicial immunity because Bloodgood-Loper failed to allege facts sufficient to show that Judge Mercer acted "in the clear absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (explaining judicial immunity doctrine).

The district court properly dismissed Bloodgood-Loper's claims under 42 U.S.C. §§ 1983 and 1985 because Bloodgood-Loper failed to allege facts sufficient to show that defendants acted under color of state law or conspired to deny her equal protection of the law based on her membership in a protected class. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining state action requirement and that private parties are generally not state actors); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (setting forth elements of a claim under § 1985(3)).

The district court properly dismissed Bloodgood-Loper's Fair Housing Act claims. Bloodgood-Loper failed to allege facts sufficient to show that defendants

2                                                        23-15109

engaged in conduct made unlawful by that statute "because of" Bloodgood-Loper's membership in a protected class. *See* 42 U.S.C. § 3604(a), (f) (setting forth actions that are prohibited when they are taken "because of" one's membership in a protected class).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Bloodgood-Loper's state law claims after dismissing her federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

The district court did not abuse its discretion in denying Bloodgood-Loper's motion to amend her complaint because further amendment would be futile. *See* *Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (providing standard of review and explaining that a "district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

The district court did not abuse its discretion in denying Bloodgood-Loper's motion for appointment of counsel. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (standard of review).

23-15109

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bloodgood-Loper's pending requests, set forth in her reply brief, are denied.

**AFFIRMED.**